IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID EUGENE BROOKHART, :
    Plaintiff :
     :
    vs. : CIVIL NO. 1:CV-09-1286
     :
JAMES E. ROHR, et al., :
    Defendants :

*M E M O R A N D U M*

    Plaintiff, David Eugene Brookhart, filed this civil action alleging, among other things, that Perry County, Pennsylvania officials conspired with individuals and employees of PNC Bank to wrongfully deprive him of his property. Each of the Defendants has filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In evaluating these motions, we will dismiss some defendants from the action but allow Plaintiff an opportunity to amend his complaint against other defendants. For still other defendants, we will dismiss without leave to amend

    In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we must accept as true any factual allegations in the complaint. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). Although a court assumes all reasonable factual inferences in the light most favorable to the plaintiff, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." *Buchanan v. Gay*, 491 F. Supp.2d 483, 491 (D. Del. 2007) (quoting *Amiot v. Kemper Ins. Co.*, 122 Fed. Appx. 577, 579 (3d Cir. 2004)).

    We will grant the motion to dismiss if it is clear that relief could not be granted under "any set of facts that could be proven consistent with the allegations."

*Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 195 (3d Cir. 2000) (quoting *Alexander v. Whitman*, 114 F.3d 1392, 1397-98 (3d Cir. 1997)).  "While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(citations ommitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp,* 127 S.Ct. at 1965.  Additionally, "'however inartfully pleaded,' the 'allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers.'" *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003)(quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)) (brackets in *Mitchell*).

   The Plaintiff's complaint is mostly unintelligible and largely devoid of factual allegations.  As we read the complaint, Brookhart attempts to plead five counts for relief: (1) violations of the Hobbs Act, 18 U.S.C. § 1951, et seq,; (2) fraud; (3) bank fraud; (4) fraudulent conveyance; and (5) claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.  He also makes vague allegations for violations of the Patriot Act, theft by deception, and mortgage fraud.

   We will start by addressing the allegations against Judge Rehkamp.  The sole allegation against him, found in an attached affidavit, is that he presided over a hearing to resolve a declaratory judgment action.  This one allegation is not enough for Plaintiff's claims to survive a motion to dismiss.  Further, while we normally must grant leave to amend, *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008), we need not do so if amendment would be futile.  Here, Judge Rehkamp, as a member of

2

the Pennsylvania judiciary, has absolute immunity from suit unless "he has acted in the clear absence of all jurisdiction." *Gallas v. Supreme Court of Pennyslvania,* 211 F.3d 760, 769 (3d Cir. 2000) *see also Corliss v. O'Brien*, 200 F.App'x 80 (3d Cir. 2006). Judge Rehkamp clearly had jurisdiction to hear a declaratory judgment action pursuant to Pennsylvania law. *See* 42 Pa.C.S.A. §§ 7531-7541. We conclude that the Plaintiff cannot cure the defect in his complaint against Judge Rehkamp.

As to Defendants Rohr, Solomon and Mazack, Brookhart has not made any allegations against them, merely naming them in the caption of the complaint and under his recitation of the "parties" in section 5, thereof. In order to survive a motion to dismiss, a plaintiff must allege enough factual allegations to raise a right to relief above the speculative level. *See Bell Atlantic Corp, supra.* We will therefore dismiss these Defendants but allow Plaintiff leave to amend to state exactly what they may have done.

Brookhart's complaint is also deficient as to all remaining Defendants. The complaint itself is devoid of factual allegations against Defendants Nace, Albright, Hower, Lowe and Philpott. However, the attached affidavit alleges these Defendants engaged in certain activities, none of which rise to the level of wrongful conduct. He recites one-word allegations, such as Nace and Lowe engaged in a fraudulent sale, but he does not allege facts to show a fraudulent sale. We will allow Plaintiff to amend his complaint to make the necessary allegations as to their alleged wrongful conduct. We will deny the Plaintiff's motion for a preliminary injunction as lacking merit.

We remind the Plaintiff, even though he is proceeding pro se, that he must conform his filings to the requirements of the Federal Rules of Civil Procedure and any applicable Local Rules of Court.

3

Plaintiff also is advised that any amended complaint must stand on its own. It must be a completely new pleading that states all of his claims, even the ones in the current complaint that were not dismissed. Any amended complaint cannot be a supplement to his original one. In other words, Plaintiff must start over.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 14, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID EUGENE BROOKHART, :
    Plaintiff :
     :
vs. : CIVIL NO. 1:CV-09-1286
     :
JAMES E. ROHR, et al., :
    Defendants :

O R D E R

AND NOW, this 14th day of October, 2009, upon review of the Defendants' motions to dismiss, it is ordered that:

    1. The claims against Judge Rehkamp are dismissed and he is dismissed from this action.

    2. All remaining claims against the other Defendants are dismissed but with leave to amend to provide allegations in support of his claims against Brett Solomon, Carl Nace, Michael Mazack, James Rohr, Brenda Albright, Ruth Hower, George Lowe, and Jerry Philpott.

    3. Plaintiff's motion for a preliminary injunction (doc. 20) is denied.

    4. Plaintiff's motions for default and default judgment (docs. 32 & 36) are denied as meritless.

    5. Plaintiff shall file any amended complaint within twenty days of the date of this order. If he fails to do so, the case will proceed on the claims remaining in the original complaint.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge