IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID EUGENE BROOKHART, :
    Plaintiff :
     :
    vs. : CIVIL NO. 1:CV-09-1286
     :
JAMES E. ROHR, et al., :
    Defendants :

*M E M O R A N D U M*

    Plaintiff, David Eugene Brookhart, filed this civil action alleging, among other things, that Perry County, Pennsylvania officials conspired with individuals and employees of PNC Bank to wrongfully deprive him of his property. On October 14, 2009, we granted the Defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, but granted the Plaintiff leave to amend his complaint. On October 29, 2009, Brookhart filed a response, which we will construe as an amended complaint, continuing to allege a fraudulent sale of his property. Subsequently, the remaining Defendants filed motions to dismiss the amended complaint. After review, we will grant the Defendants' motions.

    In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we must accept as true any factual allegations in the complaint. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). Although a court assumes all reasonable factual inferences in the light most favorable to the plaintiff, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." *Buchanan v. Gay*, 491 F. Supp.2d 483, 491 (D. Del. 2007) (quoting *Amiot v. Kemper Ins. Co.*, 122 Fed. Appx. 577, 579 (3d Cir. 2004)).

We will grant the motion to dismiss if it is clear that relief could not be granted under "any set of facts that could be proven consistent with the allegations." *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 195 (3d Cir. 2000) (quoting *Alexander v. Whitman*, 114 F.3d 1392, 1397-98 (3d Cir. 1997)). "While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(citations ommitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp,* 127 S.Ct. at 1965. Additionally, "'however inartfully pleaded,' the 'allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers.'" *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003)(quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)) (brackets in *Mitchell*).

Brookhart's amended complaint fails to set forth a claim for fraud. Rule 9 of the Federal Rules of Civil Procedure requires that fraud be pled with "particularity." Fed. R. Civ. P. 9(b). However, Brookhart continues to recite one-word allegations, such as Nace and Lowe engaged in a fraudulent sale, but he does not indicate why or how the sale was fraudulent. His allegations against the other Defendants are equally conclusory and devoid of factual background. He also has failed to provide any additional facts for his Hobbs Act, 18 U.S.C. § 1951, et seq., and Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, claims. Since he has failed to allege a right to relief beyond speculative allegations, we will grant the Defendants' motions to dismiss.

We will issue an appropriate order.

                                      <u>/s/William W. Caldwell</u>
                                      William W. Caldwell
                                      United States District Judge

Date: January 11, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID EUGENE BROOKHART, :
    Plaintiff :
 :
    vs. : CIVIL NO. 1:CV-09-1286
 :
JAMES E. ROHR, et al., :
    Defendants :

*O R D E R*

AND NOW, this 11th day of January, 2010, it is ordered that:

    1. Defendants' motions to dismiss (docs. 40, 42 and 44) are granted and Plaintiff's complaint is dismissed.

    2. The Clerk of Court shall close this file.

                       /s/William W. Caldwell
                       William W. Caldwell
                       United States District Judge